Judge Wood
delivered the opinion of the court:
This cause was tried upon the same evidence, and the same charges to the jury, on which the case of Howell v. The Cincinnati Insurance Company whs tried and decided. We have considered the two cases together, and the opinion, in the latter case, is decisive of the motion for a new trial in this, on the ground that the verdict is against the weight of evidence.
The jury find that the injury that occasioned the loss occurred within the time of the policy, and that its extent, at the time of its occurrence, was three thousand dollars. The law seems to be well settled, that if a ship receive her death wound *before, and is not lost until after the policy expires, the insurer is not liable. Park, 433; 1 Term, 260. Justice Lawrence says it is of little importance which way the rule is, but it should be certain and he holds it well settled as stated.
There was then but a partial loss within the time of the policy That partial loss the jury find was three thousand dollars, exactly the sum insured, and less than half the sum at risk, which is ten thousand dollars. The jury find different values of the boat; but that finding does not affect the case. The parties agreed upon a value, and thus made an estimated policy, which is not to be opened where there is no proof of fraud. This estimate concludes the parties in fixing the average loss. This average is three-tenths of three thousand dollars, amounting to nine hundred dollars. The deductions agreed upon reduce this sum to six hundred and eighty-eight dollars and fifty cents, for which judgment is to be entered.